S. STERN STINER & CO., INC. v. UNITED STATES

No. 5798.—Invoices dated Kitchener, Ontario, Canada, May 2, 1941, etc.
Certified May 3, 1941, etc.
Entered at New York, N. Y., May 12, 1941, etc.
Entry No. 761762, etc.

(Decided January 28, 1943)

*Brooks & Brooks (Frederick W. Brooks, Jr., of counsel)* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

WALKER, Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, involve the valuation of certain leather imported from Canada and entered at the port of New York.

On entry the importer added, under so-called duress, an item of 8 per centum Canadian sales tax, and the only issue presented by these appeals is whether or not this item of 8 per centum Canadian sales tax is a part of the dutiable value.

The only evidence presented in this record is plaintiff's exhibit 1, the affidavit of J. A. Law, secretary of the Lang Tanning Co., Ltd., of Kitchener, Ontario, the exporter herein, which states, in part, as follows:

Deponent further states that no Canadian sales tax is included in the price of shipments to the United States as no sales tax is assessed on leather exported from Canada and in no case have we charged the 8% sales tax to our customers in Canada for the reason that the leather which we sell for Canadian consumption as well as for export to the United States is used only as a material for further manufacture into finished products and all of our customers are holders of manufacturers and jobbers licenses and all transactions in Canada involving such merchandise have therefore been with licensed manufacturers and jobbers, although we are willing to offer it freely to any person who may wish to buy our merchandise but because of the nature of the article, the only persons who are interested in buying it are licensed jobbers and manufacturers and our sales to such buyers are not subject to the Canadian sales tax.

The precise question involved herein was the subject of decision in the case of *F. W. Myers & Co., Inc.* v. *United States,* Reap. Dec. 5607, wherein the court said:

 * * * * * * *

The proof offered by both sides establishes that these polymerized vinyl acetate resins are partly manufactured goods; that they are sold in the foreign market by licensed manufacturers to licensed wholesalers; and that they are not subject to the Canadian sales tax.

\* \* \* \* \* \* \*

I therefore find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930 as amended, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the entered values, less 8 per centum Canadian sales tax.

Judgment will be rendered accordingly.